IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORENA T., <br><br> Plaintiff, <br> v. <br><br> ANDREW M. SAUL, <br> Acting Commissioner of <br> Social Security, <br><br> Defendant. | Case No. 18-cv-6348 <br><br> Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

The Commissioner's Rule 59(e) Motion to Alter or Amend Judgment is before the Court. Doc. [32]. The Court has reviewed the Commissioner's motion as well as Lorena's[1] response. Doc. [38]. For the following reasons, the Commissioner's Rule 59(e) Motion to Alter or Amend Judgment, Doc. [32], is denied.

Motions to reconsider serve a narrow function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' " *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Because the standards for reconsideration are so exacting, issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191

---

[1] Pursuant to Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff by her first name and the first initial of her last name or alternatively, by first name.

(7th Cir. 1990) (citation omitted). Significantly, motions for reconsideration are inappropriate for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised while the Court initially considered the motion now on reconsideration. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

Here, the Commissioner has failed to meet the heavy burden of a Rule 59(e) motion to reconsider. *See Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013) (citing *Caisse*, 90 F.3d at 1270 (7th Cir. 1996)). The Commissioner's motion largely misreads the Court's opinion and rehashes arguments already made. Most importantly, the Commissioner has failed to show that the Court wholly disregarded, misapplied, or failed to recognize controlling precedent. *Oto*, 224 F.3d at 606.

As an initial matter, the Commissioner frames his arguments by claiming that the Court remanded for two reasons: (1) because at least one medical record provided direct support for the proposition that Lorena's panic attacks would result in off-task time; and (2) the ALJ's subjective symptom analysis was patently wrong. Doc. [32] at 1. The Commissioner is incorrect. The Court remanded for one reason. That reason was the cumulative impact of the ALJ's failure to make a specific finding with respect to Lorena's panic attacks, combined with the ALJ's problematic subjective symptom analysis. As the Court clearly stated, "the Court finds that the cumulative impact of the ALJ's failure to make a specific finding as to Lorena's panic attacks and the ALJ's improper credibility determination is that the ALJ's decision is not supported by substantial evidence." *Lorena T. v. Saul*, No. 18-CV-6348, 2020 WL 977967, at *9 (N.D. Ill. Feb. 28, 2020). The Commissioner's motion, therefore, from the start, misunderstands the Court's holding.

The Commissioner next argues that the ALJ properly considered Lorena's panic attacks, and the decision to credit the opinion of every doctor over that of a mental health counselor was

supported by substantial evidence. Doc. [32] at 2. In a nutshell, the Commissioner hammers on the substantial evidence standard and argues that because the ALJ's decision was backed by opining doctors, and because his mental RFC was more restrictive than their opinions, his panic attacks finding was supported by substantial evidence. *Id.* at 2-7. Yet, the Commissioner already made these points to the Court, *see* Doc. [28] at 5-7, and the Court acknowledged that the opining doctors did not recommend an RFC requiring additional breaks for Lorena's panic attacks. *Lorena*, 2020 WL 977967, at *5 n.5. The Court's expressed concern was with the reviewability of the ALJ's panic attacks finding, not the ALJ's reliance on the opining doctors: "In any event, the Court's concern is not that the ALJ could not have found, based on the medical record, that Lorena did not need additional breaks. Rather, there is enough support in the medical record indicating that she might require breaks due to panic attacks, and without a finding or articulation on the frequency, severity, or duration of the panic attacks, the Court cannot conduct a meaningful review of the ALJ's decision." *Id.*[2] Thus, the Commissioner's panic attacks argument, which was already made and misses the point, fails to establish that the Court's judgment should be reversed.

The Commissioner's next argument is that the ALJ's subjective symptom analysis contained enough valid reasons to warrant affirmance. Doc. [32] at 7. According to the Commissioner, the ALJ based his subjective symptom analysis on six valid reasons: "(1) her allegations were inconsistent with examinations that were normal or mostly benign; (2) the record showed improvement; (3) plaintiff herself said that she considered 'herself to be in very good health' (Tr. 256); (4) plaintiff was noncompliant with treatment; (5) plaintiff traveled to Florida,

---

[2] To that end, the Court directed the parties to analogous cases in which the failure to accommodate a particular impairment, without explanation or without making a finding with respect to the impairment, warranted remand. *Lorena*, 2020 WL 977967, at *3. But the Commissioner does not grapple with that precedent and failed to do so in his earlier briefing as well, despite the fact that Lorena introduced some of the case law used by the Court in her opening brief. Doc. [17] at 9-10.

New York, and Atlantic City while at the same time alleging social phobia and a fear of leaving her home; and (6) the majority of plaintiff's most serious claims fell beyond her June 2014 date last insured." *Id.* at 8. However, the Commissioner previously asserted these six reasons were valid, *see* Doc. [28] at 11-12, and the Court found at least half[3] of them to be problematic. *Lorena*, 2020 WL 977967, at *5-*9. That is, the Court found that the ALJ improperly relied on Lorena's vacations, medication non-compliance, and mischaracterized the record with respect to Lorena's statement about being in "very good health." *Id.* The Commissioner's present arguments about those three subjective symptom analysis bases do not satisfy the Rule 59(e) standard for altering or amending a judgment.

With respect to the ALJ's discounting Lorena's credibility for taking vacations, the Commissioner repeats earlier arguments. For instance, the Commissioner contends that *Murphy v. Colvin*, 759 F.3d 811 (7th Cir. 2014), a case cited to by Lorena and the Court, is distinguishable from the facts of this case. Yet, the Commissioner already attempted to distinguish *Murphy*, and the Court directly addressed the Commissioner's *Murphy* arguments. *Lorena*, 2020 WL 977967, at *7. To the extent the Commissioner raises new arguments about *Murphy*, the Seventh Circuit's purported revisiting of *Murphy* (*Murphy II*),[4] or SSR 16-3p, those issues could have been raised when the Court initially considered the motion now on reconsideration, and are therefore inappropriate here. *Sigsworth*, 487 F.3d at 512.

---

[3] And to the Court, that "substantial quantity" of invalid reasons, when coupled with the ALJ's indeterminate panic attacks finding, meant the entire opinion was not supported by substantial evidence. *Lorena*, 2020 WL 977967, at *6-*9.

[4] The Commissioner cites *Murphy II* and suggests that the Seventh Circuit revisited the holding of *Murphy I*. Doc. [32] at 11. Although the Commissioner is correct that the Seventh Circuit found in *Murphy II* that the ALJ's credibility assessment was supported by substantial evidence, that decision was composed by a different ALJ, following a new hearing after the Seventh Circuit's reversal in *Murphy I. See Murphy v. Berryhill*, 727 F. App'x 202, 205 (7th Cir. 2018). Critically, the claimant's vacation was not at issue in *Murphy II*, and the Seventh Circuit did not walk back its prior decision.

4

As to noncompliance, the Commissioner apparently concedes that the ALJ may have failed to properly consider Lorena's explanations for noncompliance, but maintains that "Courts still uphold decisions where the ALJ provides enough valid reasons, and the Commissioner otherwise stands on his brief." Doc. [32] at 12. If the Commissioner believes that the ALJ could have failed to properly consider Lorena's explanations for noncompliance, it is unlikely that the Court made a manifest error of law or fact in so finding. Besides, the noncompliance issue—like the *Murphy* issue and the ALJ's panic attacks holding—has already been briefed by the parties. As a result, the Court is not persuaded that an alteration or amendment of judgment is warranted based on the noncompliance issue.

The Commissioner then proceeds to nitpick the Court's finding that the ALJ mischaracterized the record in three places. Doc. [32] at 12-15. At best, the Commissioner's arguments persuade the Court that the ALJ's reliance on Lorena's "very good health" statement could have been more aptly described by this Court as cherrypicking, rather than a mischaracterization of the record. Even so, the Court still would have found it improper to discount Lorena on that account. *See Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014) ("The problem is that the explanation shows that the ALJ's credibility finding misstated some important evidence and misunderstood the import of other evidence."). At any rate, the Court found two other statements made by the ALJ in assessing Lorena's credibility to be mischaracterizations of the record,[5] and the Commissioner has not persuaded the Court otherwise. Simply put, the Commissioner has not convinced the Court that it made a manifest error of law or fact in holding that the ALJ mischaracterized the record while assessing Lorena's credibility.

---

[5] Those other two statements were: (1) the ALJ's comments surrounding Dr. Lima's May 2014 treatment records; and (2) the ALJ's statement that Lorena "failed to keep up with therapy and missed her October 3, 2012 visit." *Lorena*, 2020 WL 977967, at *8-*9.

Finally, the Commissioner attacks the Court's reliance on *Moon v. Colvin*, 763 F.3d 718 (7th Cir. 2014). However, the Commissioner has not shown that the Court engaged in the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606. Put another way, the Commissioner has not demonstrated that the Court misstated the holding of *Moon*, nor that the Court misapplied the case. In the Commissioner's view, the facts of *Moon* are distinguishable such that the Court should not have relied on the case. The Court disagrees and explained why it found the case applicable in its holding. *Lorena*, 2020 WL 977967, at *9. The Commissioner's mere belief that a case is distinguishable does not mean that the Court made a manifest error of law. The Court, therefore, does not find its application of *Moon* to be worthy of an alteration or amendment of judgment pursuant to Rule 59(e).

Rule 59(e) motions have a narrow purpose. The Commissioner has not met that purpose here. Instead, his motion regurgitates old arguments and asks the Court to change its judgment based on those old arguments, along with a handful of new arguments that could have been made before the Court entered its judgment. Because the Commissioner has not introduced new evidence or shown that the Court made a manifest error of law or fact, the Commissioner's motion to alter or amend the judgment [32] is denied.

**SO ORDERED.**

Dated: August 17, 2020

_____
Sunil R. Harjani
United States Magistrate Judge